UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES NIEDERRITER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05CV643 RWS |
| ) | |
| CSC CREDIT SERVICES, INC., et. al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Defendant Capitol One's motion to compel arbitration and dismiss or stay the proceedings [#28]. Plaintiff acknowledges that an arbitration agreement exists, but argues that the agreement is unconscionable and should not be enforced. Because I find that the arbitration agreement is valid and not unconscionable, I will grant the motion, and I will stay the case as to Capitol One pending completion of arbitration.

**I.  BACKGROUND**

Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, against Capitol One and three other defendants. Specifically, Plaintiff alleges that Capitol One "has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties." Plaintiff further alleges that the credit account was settled in full with a debt collection agency working on behalf of Capitol One charged with collecting the debt on the account.

It is undisputed that the credit account between Plaintiff and Capitol One is governed by a Customer Agreement. It is further undisputed that the governing Customer Agreement contains an Arbitration Agreement, which provides in pertinent part:

> You and we agree that either you or we may, at either party's sole election, require that any Claim (as defined below) be resolved by binding arbitration.
>
> * * *
>
> **"Claim"** means any claim, controversy or dispute of any kind or nature between you and us.
>
> A. *This definition includes, without limitation, any Claim that in any way arises from or relates to . . .*
> - this Arbitration Provision (including whether any Claim is subject to arbitration) . . .
> - any billings or collections matters relating to your account . . .
> - our receipt, use or disclosure of any information about you or your account
> - any other matters relating to your account or your relationship with us . . .
>
> B. *This definition also includes, without limitation, any Claim . . .*
> - based on any theory of law or equity (including contract, tort, fraud constitution, statute, regulation, ordinance or wrongful acts or omissions of any type, whether negligent, reckless or intentional) . . .

## II. ANALYSIS

"By its terms, the [Federal Arbitration Act] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" Pro Tech Industries, Inc. v. URS Corp., 377 F.3d 868, 871 (8th Cir. 2004) (quoting Dean Witter Reynolds, Inc. V. Byrd, 470 U.S. 213, 218 (1985)) (emphasis in original). Under the FAA, "A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2.

"[W]hen deciding whether an arbitration provision is unconscionable, courts apply ordinary state-law principles governing the formation of contracts." Id. at 872. The parties do

not dispute that Missouri law governs. Accordingly, I will look to Missouri law to determine whether the Arbitration Agreement is unconscionable.

Under Missouri law, "there are procedural and substantive aspects of unconscionability, the former relating to the formalities of the making of the contract and the latter to the specific contract terms." Bracey v. Monsanto Co., 823 S.W.2d 946, 950 (Mo. banc 1992). "[P]rocedural unconscionability in general is involved with the contract formation process, and focuses on high pressure exerted on the parties, fine print of the contract, misrepresentation, or unequal bargaining position." Funding Sys. Leasing Corp. v. King Louie Int'l, Inc., 597 S.W.2d 624, 634 (Mo. App. 1979). "By substantive unconscionability is meant an undue harshness in the contract terms themselves." Id. "Generally there must be both procedural and also substantive unconscionability before a contract or a clause can be voided." Id. Furthermore, "it has been suggested . . . that there be a balancing between the substantive and procedural aspects, and that if there exists gross procedural unconscionability then not much be needed by way of substantive unconscionability, and that the same "sliding scale' be applied if there be great substantive unconscionability but little procedural unconscionability." Id.

Defendant concedes that procedural unconscionability may exist in this case because the "Arbitration Agreement is found on a preprinted form, no negotiation of terms occurred, and Capitol One is a corporation while plaintiff is merely an individual customer." However, Defendant argues that the Arbitration Agreement lacks substantive unconscionability, and that unless I find that substantive unconscionability exists I must enforce the Agreement. I agree with Defendant.

Plaintiff argues that "substantive unconscionability is present because [the Agreement]

deprives the Plaintiff of remedies available to him under the FCRA, and due to the relatively small individual claim that the Plaintiff has brought would make it infeasible to bring such an action if he was [sic] required to pay costs and attorney's fees as the arbitration agreement states." Plaintiff, however, has misread the Arbitration Agreement.

The Arbitration Agreement states that the "arbitrator may award any damages or other relief permitted by applicable substantive law . . ." Under the plain language of the Agreement, the arbitrator may award damages, costs, and attorneys' fees as specified in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681n & 1681o. As a result, Plaintiff's argument that substantive unconscionability exists is misplaced.

As a result, I find that a valid agreement to arbitrate exists between Plaintiff and Capitol One. I further find that the Arbitration Agreement is not unconscionable under Missouri law. I will stay the case as to Capitol One pending completion of arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Capitol One's motion to compel arbitration and dismiss or stay the proceedings [#28] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** as to Defendant Capitol One pending completion of arbitration.

Dated this __17th__ day of October, 2005.

_____
\_RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE